# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SELMA DIVISION

| | |
|---|---|
| STEPHANIE BOWMAN; ANNIE EATON; CRYSTAL HANNA; SABRINA SCOTT; ARABELLA SHEEHAN; ROSEANNE WIGGINS; on behalf of themselves and all others similarly situated | ) ) ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. 18-100 |
| vs. | ) |
| | ) |
| AMERICAN FIDELITY ASSURANCE | ) ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), and 28 U.S.C. §§ 1441 and 1446, Defendant American Fidelity Assurance Company ("American Fidelity") hereby gives notice of the removal of the above-styled civil action from the Circuit Court of Dallas County, Alabama, where it is now pending as Case Number 27-CV-2018-900036, to the United States District Court for the Southern District of Alabama, Selma Division. As grounds for removal, American Fidelity states the following:[1]

---

[1] American Fidelity hereby reserves all defenses available to it under Rule 12 of the Federal Rules of Civil Procedure, including without limitation that some or all of Plaintiffs' claims are preempted under the Employee Retirement Income Security Act of 1974.

## ALLEGATIONS OF THE COMPLAINT

1.      On February 6, 2018, Plaintiffs Stephanie Bowman, Annie Eaton, Crystal Hanna, Sabrina Scott, Arabella Sheehan, and Roseanne Wiggins filed a Class Action Complaint ("Complaint") in the Circuit Court of Dallas County, Alabama, in the civil action styled as *Stephanie Bowman, et al. v. American Fidelity Assurance*, No. 27-CV-2018-900036.

2.      The Complaint includes claims seeking relief on behalf of a putative class for fraudulent misrepresentation, fraudulent suppression, breach of contract, and negligence. (Compl. at ¶¶ 40–60).

3.      Plaintiffs allege that they each owned a Fidelity Life insurance policy that included a long-term care rider. (*Id.* at ¶ 11). According to the Complaint, "[t]he long-term care rider provided a benefit of 4% of the face value of the policy for each month of long-term care provided up to 75 months." (*Id.* at ¶ 13). Plaintiffs further allege that they later purchased replacement life insurance policies from "American Fidelity salesmen." (*Id.* at ¶¶ 20–24). Plaintiffs allege that the American Fidelity salesmen failed to disclose that the replacement policies did not include a long-term care rider. (*Id.* at ¶ 25). Plaintiffs seek damages for the long-term care benefits they would have had under their former life insurance policies. (*Id.* at ¶ 24).

2

4.      The putative class includes "[a]ll employees of Alabama public school systems to whom American Fidelity sold policies over the last six years." (*Id.* at ¶ 39).

## REMOVAL PROCEDURES

5.      In accordance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings and orders" received by American Fidelity is attached hereto as **"Exhibit 1."**

6.      Because this Notice of Removal was filed within thirty days of service of the Complaint, it is timely under 28 U.S.C. § 1446(b)(3).

7.      American Fidelity has sought no similar relief with respect to the Complaint.

8.      The prerequisites for removal under 28 U.S.C. § 1441 have been met.

9.      This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court has original jurisdiction. This Court has original jurisdiction based upon 28 U.S.C. § 1332(d) because this is a class action with at least 100 putative class members, there is diversity of citizenship between at least one class member and one defendant (minimal diversity), and the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

10.     Pursuant to 28 U.S.C. § 1441(a), this case is properly removable to this Court, which is the United States District Court for the district and division embracing Dallas County, Alabama, where the state court action is pending. *See* 28 U.S.C. § 81(b)(3).

11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs on this date, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court of Dallas County, Alabama.

## CAFA JURISDICTION

12.     This Court has subject-matter jurisdiction pursuant to CAFA because this is a class action with at least 100 putative class members, there is diversity of citizenship between at least one class member and a defendant, and the aggregate amount in controversy exceeds $5,000,000.

### *Plaintiffs' Action is a Class Action for Purposes of CAFA*

13.     Section 1332(d)(1)(B) provides: "The term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

14.     The "similar [s]tate statute" applicable here, Rule 23 of the Alabama Rules of Civil Procedure, provides as follows:

> One or more members of a class may sued or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Ala. R. Civ. P. 23.

15.    In the "Introduction" of the Complaint, Plaintiffs allege that they brought this civil action "pursuant to Alabama Rules of Civil Procedure 8, 9, and 23 on behalf of themselves and others similarly situated." (Compl. at 1).

16.    Plaintiffs also allege that "[t]he class is so numerous that joinder of all members is impracticable," (*id.* at ¶ 29); "[t]here are questions of law or fact common to the class;" (*id.* at ¶ 30); "[q]uestions of law and fact common to the members of the class predominate over any questions affecting only individual members," (*id.* at ¶ 33); "[t]he claims of the named Plaintiffs are typical of the claims of the class" (*id.* at ¶ 31); and "[t]he named Plaintiffs will fairly and adequately protect the interests of the class." (*Id.* at ¶ 32).

17.    Therefore, this matter is a "class action" under 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.

*The Number of Alleged Class Members Exceeds 100*

18.     28 U.S.C. § 1332(d)(5)(B) provides that district courts shall not have original jurisdiction over a class action under 28 U.S.C. § 1332(d)(2) if "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

19.     Here, Plaintiffs specifically allege that there are "at least 495 educators" in the putative class. (Compl. at ¶ 29).

20.     Accordingly, the requirements of 28 U.S.C. § 1332(d)(5)(B) are satisfied.

*Diversity of Citizenship Exists*

21.     CAFA requires only minimal diversity for class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332 (d)(2)(A).

22.     Plaintiffs allege they each are residents of Alabama. (Compl. at ¶¶ 1– 6). Therefore, Plaintiffs are citizens of Alabama for purposes of diversity jurisdiction. *McCormick v. Aderholdt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

23.     Plaintiffs also concede that American Fidelity "is a foreign corporation domiciled in Oklahoma County, Oklahoma." (Compl. at ¶ 7). At all times relevant in this action, American Fidelity was incorporated under the laws of

the State of Oklahoma with its principal place of business in Oklahoma. Accordingly, American Fidelity is a citizen of Oklahoma for purposes of diversity jurisdiction. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (holding that, to establish diversity jurisdiction "[f]or a corporate defendant[,] the complaint must allege either the corporation's state of incorporation or principal place of business"); 28 U.S.C. § 1332(c)(1).

24.     Because the citizenship of Plaintiffs (Alabama) and American Fidelity (Oklahoma) is of different states, CAFA's requirement of minimal diversity is satisfied.

*The Amount in Controversy Requirement Is Satisfied*

25.     Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

26.     As both the Supreme Court and Eleventh Circuit Court of Appeals have recently held, a removing defendant is not required to provide evidence to support the amount in controversy in its Notice of Removal. "[A]ll that is required is a 'short and plain statement of the grounds for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014)).

27.    Further, "at the jurisdictional stage, 'the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'" *Dudley*, 778 F.3d at 913 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)).

28.    Based solely upon Plaintiffs' allegations, the amount-in-controversy requirement is easily satisfied.

29.    Plaintiffs' Complaint contends that as a result of the conduct alleged in the Complaint, Plaintiffs "lost access" to $60 million in long-term care insurance and are now left with an "inferior policy." (Compl. at ¶¶ 24, 27 & 29).

30.    Plaintiffs seek a range of relief, including compensatory and punitive damages, as well as "other legal or equitable" remedies that may be included in determining the amount in controversy. (Compl. at ¶¶ 43, 47, 51, 55 & 60). *See McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731–32 (11th Cir. 2014) (holding that courts should consider punitive damages in determining CAFA's amount-in-controversy requirement); *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014) ("[f]or amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective"); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977) (same).

31.     In total, the damages and relief that Plaintiffs seek exceeds the $5,000,000 CAFA threshold.

32.     If any question arises as to the propriety of the removal of this action, American Fidelity requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed.

## <u>CONCLUSION</u>

For the reasons set forth above, American Fidelity respectfully requests that this action be, and is hereby, removed to this Court; that this Court assume jurisdiction of this action; and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated: March 1, 2018

Respectfully Submitted By:

s/ *Thomas J. Butler*
Thomas J. Butler (ASB-7790-T75T)
Mark D. Foley, Jr. (ASB-3536-G20M)
*Attorneys for Defendant American Fidelity Assurance Company*

**<u>OF COUNSEL:</u>**
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
Email: tbutler@maynardcooper.com
Email: mfoley@maynardcooper.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2018, I filed the foregoing with the Clerk of Court for the United States District Court for the Southern District of Alabama and served the following via e-mail and U.S. Mail:

Andrew P. Campbell
Stephen D. Wadsworth
CAMPBELL GUIN, LLC
505 North 20th Street, Suite 1600
Birmingham, AL 35203
Andy.campbell@campbellguin.com
Stephan.wadsworth@campbellguin.com

*Attorneys for Plaintiffs and the Proposed Class*

*s/ Thomas J. Butler*
OF COUNSEL

11