# EXHIBIT 1

# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: JESSICA ATKINSON**

**County:** 27  **Case Number:** **CV-2018-900036.00**  Court Action:

**Style:** **STEPHANIE BOWMAN ET AL V. AMERICAN FIDELITY ASSURANCE**

`Real Time`

## Case

### Case Information

| | | |
|---|---|---|
| County: **27-DALLAS** | Case Number: CV-2018-900036.00 | Judge: **PET:COLLINS PETTAWAY, JR.** |
| Style: **STEPHANIE BOWMAN ET AL V. AMERICAN FIDELITY ASSURANCE** | | |
| Filed: **02/06/2018** | Case Status: **ACTIVE** | Case Type: **BAD FAITH/FRAUD/MISR** |
| Trial Type: **JURY** | Track: | Appellate Case: **0** |
| No of Plaintiffs: **6** | No of Defendants: **1** | |

### Damages

| | | |
|---|---|---|
| Damage Amt: **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | Compensatory Damages: **0.00** | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subpoenas: | Last Update: **02/06/2018** | Updated By: **AJA** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - BOWMAN STEPHANIE

#### Party Information

| | | |
|---|---|---|
| Party: **C001-Plaintiff** | Name: **BOWMAN STEPHANIE** | Type: **I-INDIVIDUAL** |
| Index: **D AMERICAN FID** | Alt Name: | Hardship: **No**  JID: **PET** |
| Address 1: **C/O CAMPBELL GUIN** | | Phone: **(334) 000-0000** |

| | | | | | | |
|---|---|---|---|---|---|---|
| Address 2: | **505 20TH ST. N. STE. 1600** | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35203-0000** Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **F** | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | WAD025 | | WADSWORTH STEPHEN DOUGLAS | STEPHEN.WADSWORTH@CAMPBELLGUIN.COM | (205) 224-0750 |
| Attorney 2 | CAM006 | | CAMPBELL ANDREW PHILLIP | ANDY.CAMPBELL@CAMPBELLGUIN.COM | (205) 224-0750 |

## Party 2 - Plaintiff INDIVIDUAL - EATON ANNIE

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **C002-Plaintiff** | Name: | **EATON ANNIE** | | Type: | **I-INDIVIDUAL** |
| Index: | **D AMERICAN FID** | Alt Name: | | Hardship: **No** | JID: | **PET** |
| Address 1: | **C/O CAMPBELL GUIN** | | | Phone: **(334) 000-0000** | | |
| Address 2: | **505 20TH ST. N. STE. 1600** | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35203-0000** Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **F** | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | WAD025 | | WADSWORTH STEPHEN DOUGLAS | STEPHEN.WADSWORTH@CAMPBELLGUIN.COM | (205) 224-0750 |
| Attorney 2 | CAM006 | | CAMPBELL ANDREW PHILLIP | ANDY.CAMPBELL@CAMPBELLGUIN.COM | (205) 224-0750 |

## Party 3 - Plaintiff INDIVIDUAL - HANNA CRYSTAL

### Party Information

| | | | | | | | |
|--|--|--|--|--|--|--|--|
| Party: | **C003-Plaintiff** | Name: | **HANNA CRYSTAL** | | | Type: | **I-INDIVIDUAL** |
| Index: | **D AMERICAN FID** | Alt Name: | | Hardship: | **No** | JID: | **PET** |
| Address 1: | **C/O CAMPBELL GUIN** | | | Phone: | **(334) 000-0000** | | |
| Address 2: | **505 20TH ST. N. STE. 1600** | | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35203-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

### Court Action

| | | | | | |
|--|--|--|--|--|--|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|--|--|--|--|--|--|
| Issued: | | Issued Type: | | Reissue: | | Reissue Type: |
| Return: | | Return Type: | | Return: | | Return Type: |
| Served: | | Service Type | | Service On: | | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | WAD025 | | WADSWORTH STEPHEN DOUGLAS | STEPHEN.WADSWORTH@CAMPBELLGUIN.COM | (205) 224-0750 |
| Attorney 2 | CAM006 | | CAMPBELL ANDREW PHILLIP | ANDY.CAMPBELL@CAMPBELLGUIN.COM | (205) 224-0750 |

## Party 4 - Plaintiff INDIVIDUAL - SCOTT SABRINA

### Party Information

| | | | | | | | |
|--|--|--|--|--|--|--|--|
| Party: | **C004-Plaintiff** | Name: | **SCOTT SABRINA** | | | Type: | **I-INDIVIDUAL** |
| Index: | **D AMERICAN FID** | Alt Name: | | Hardship: | **No** | JID: | **PET** |
| Address 1: | **C/O CAMPBELL GUIN** | | | Phone: | **(334) 000-0000** | | |
| Address 2: | **505 20TH ST. N. STE. 1600** | | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35203-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **F** | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | WAD025 | | WADSWORTH STEPHEN DOUGLAS | STEPHEN.WADSWORTH@ CAMPBELLGUIN.COM | (205) 224-0750 |
| Attorney 2 | CAM006 | | CAMPBELL ANDREW PHILLIP | ANDY.CAMPBELL@CAMPBELLGUIN.COM | (205) 224-0750 |

### Party 5 - Plaintiff INDIVIDUAL - SHEEHAN ARABELLA

## Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **C005-Plaintiff** | Name: | **SHEEHAN ARABELLA** | | | Type: | **I-INDIVIDUAL** |
| Index: | **D AMERICAN FID** | Alt Name: | | Hardship: | **No** | JID: | **PET** |
| Address 1: | **C/O CAMPBELL GUIN** | | | Phone: | **(334) 000-0000** | | |
| Address 2: | **505 20TH ST. N. STE. 1600** | | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35203-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **F** | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | WAD025 | | WADSWORTH STEPHEN DOUGLAS | STEPHEN.WADSWORTH@CAMPBELLGUIN.COM | (205) 224-0750 |
| Attorney 2 | CAM006 | | CAMPBELL ANDREW PHILLIP | ANDY.CAMPBELL@CAMPBELLGUIN.COM | (205) 224-0750 |

## Party 6 - Plaintiff INDIVIDUAL - WIGGINS ROSEANNE

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | C006-Plaintiff | Name: | WIGGINS ROSEANNE | | | Type: | I-INDIVIDUAL |
| Index: | D AMERICAN FID | Alt Name: | | Hardship: | No | JID: | PET |
| Address 1: | C/O CAMPBELL GUIN | | | Phone: | (334) 000-0000 | | |
| Address 2: | 505 20TH ST. N. STE. 1600 | | | | | | |
| City: | BIRMINGHAM | State: | AL | Zip: | 35203-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | F | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | Issued Type: | Reissue: | | Reissue Type: | |
| Return: | Return Type: | Return: | | Return Type: | |
| Served: | Service Type | Service On: | | Served By: | |
| Answer: | Answer Type: | Notice of No Service: | | Notice of No Answer: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | WAD025 | | WADSWORTH STEPHEN DOUGLAS | STEPHEN.WADSWORTH@CAMPBELLGUIN.COM | (205) 224-0750 |
| Attorney 2 | CAM006 | | CAMPBELL ANDREW PHILLIP | ANDY.CAMPBELL@CAMPBELLGUIN.COM | (205) 224-0750 |

## Party 7 - Defendant BUSINESS - AMERICAN FIDELITY ASSURANCE

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D001-Defendant | Name: | AMERICAN FIDELITY ASSURANCE | | | Type: | B-BUSINESS |
| Index: | C BOWMAN STEPH | Alt Name: | | Hardship: | No | JID: | PET |
| Address 1: | 2221 VICTORY LANE | | | Phone: | (334) 000-0000 | | |
| Address 2: | | | | | | | |
| City: | BIRMINGHAM | State: | AL | Zip: | 35216-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | **CERT. MAIL # 7017 1450 0000 5771 0102** | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: **02/21/2018** Issued Type: **C-CERTIFIED MAIL** | | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 2/6/2018 | 3:50 PM | ECOMP | COMPLAINT E-FILED. | WAD025 |
| 2/6/2018 | 3:51 PM | FILE | FILED THIS DATE: 02/06/2018          (AV01) | AJA |
| 2/6/2018 | 3:51 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 2/6/2018 | 3:51 PM | ASSJ | ASSIGNED TO JUDGE: COLLINS PETTAWAY          (AV01) | AJA |
| 2/6/2018 | 3:51 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 2/6/2018 | 3:51 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 2/6/2018 | 3:51 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 2/6/2018 | 3:51 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 2/6/2018 | 3:51 PM | C001 | C001 PARTY ADDED: BOWMAN STEPHANIE          (AV02) | AJA |
| 2/6/2018 | 3:51 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 2/6/2018 | 3:51 PM | C001 | LISTED AS ATTORNEY FOR C001: WADSWORTH STEPHEN DO | AJA |
| 2/6/2018 | 3:51 PM | C001 | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 2/6/2018 | 3:51 PM | C001 | LISTED AS ATTORNEY FOR C001: CAMPBELL ANDREW PHIL | AJA |
| 2/6/2018 | 3:51 PM | C002 | C002 PARTY ADDED: EATON ANNIE          (AV02) | AJA |
| 2/6/2018 | 3:51 PM | C002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 2/6/2018 | 3:51 PM | C002 | LISTED AS ATTORNEY FOR C002: WADSWORTH STEPHEN DO | AJA |
| 2/6/2018 | 3:51 PM | C002 | LISTED AS ATTORNEY FOR C002: CAMPBELL ANDREW PHIL | AJA |
| 2/6/2018 | 3:52 PM | C002 | C002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | C003 | C003 PARTY ADDED: HANNA CRYSTAL          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | C003 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | C003 | LISTED AS ATTORNEY FOR C003: WADSWORTH STEPHEN DO | AJA |
| 2/6/2018 | 3:52 PM | C003 | LISTED AS ATTORNEY FOR C003: CAMPBELL ANDREW PHIL | AJA |
| 2/6/2018 | 3:52 PM | C003 | C003 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | C004 | C004 PARTY ADDED: SCOTT SABRINA          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | C004 | INDIGENT FLAG SET TO: N          (AV02) | AJA |

| 2/6/2018 | 3:52 PM | C004 | LISTED AS ATTORNEY FOR C004: WADSWORTH STEPHEN DO | AJA |
|---|---|---|---|---|
| 2/6/2018 | 3:52 PM | C004 | LISTED AS ATTORNEY FOR C004: CAMPBELL ANDREW PHIL | AJA |
| 2/6/2018 | 3:52 PM | C004 | C004 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | C005 | C005 PARTY ADDED: SHEEHAN ARABELLA          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | C005 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | C005 | LISTED AS ATTORNEY FOR C005: WADSWORTH STEPHEN DO | AJA |
| 2/6/2018 | 3:52 PM | C005 | LISTED AS ATTORNEY FOR C005: CAMPBELL ANDREW PHIL | AJA |
| 2/6/2018 | 3:52 PM | C005 | C005 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | C006 | C006 PARTY ADDED: WIGGINS ROSEANNE          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | C006 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | C006 | LISTED AS ATTORNEY FOR C006: WADSWORTH STEPHEN DO | AJA |
| 2/6/2018 | 3:52 PM | C006 | LISTED AS ATTORNEY FOR C006: CAMPBELL ANDREW PHIL | AJA |
| 2/6/2018 | 3:52 PM | C006 | C006 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | D001 | D001 PARTY ADDED: AMERICAN FIDELITY ASSURANCE | AJA |
| 2/6/2018 | 3:52 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 2/6/2018 | 3:52 PM | D001 | CERTIFIED MAI ISSUED: 02/06/2018 TO D001    (AV02) | AJA |
| 2/6/2018 | 3:52 PM | D001 | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 2/21/2018 | 3:14 PM | D001 | CERTIFIED MAI ISSUED: 02/21/2018 TO D001    (AV02) | GLP |

 **END OF THE REPORT**

ELECTRONICALLY FILED
2/6/2018 3:50 PM
27-CV-2018-900036.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
CHERYL STRONG RATCLIFF, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>27<br><br>Date of Filing:   Judge Code:<br>02/06/2018 |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA**
**STEPHANIE BOWMAN ET AL v. AMERICAN FIDELITY ASSURANCE**

**First Plaintiff:** ☐ Business ☑ Individual   **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other    ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☑ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   **F** ☑ **INITIAL FILING**   **A** ☐ **APPEAL FROM DISTRICT COURT**   **O** ☐ **OTHER**

**R** ☐ **REMANDED**   **T** ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **YES** ☐ **NO**   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**

WAD025    2/6/2018 3:50:34 PM    /s/ STEPHEN D. WADSWORTH
_____    _____    _____
Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
2/6/2018 3:50 PM
27-CV-2018-900036.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
CHERYL STRONG RATCLIFF, CLERK

DOCUMENT 2

### IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STEPHANIE BOWMAN; ANNIE    EATON )
CRYSTAL HANNA; SABRINA SCOTT;  )
ARABELLA SHEEHAN; ROSEANNE  )
WIGGINS; on behalf of themselves and all  )
Others similarly situated  )
                                  )        **JURY TRIAL DEMANDED**
                                  )
           Plaintiffs,           )
                                  )
v.                                 )        CASE NO:_____
                                  )
AMERICAN FIDELITY ASSURANCE  )
           Defendant.          )

---

### CLASS ACTION COMPLAINT

---

       Plaintiffs respectfully submit this Class Action Complaint pursuant to Alabama Rules of Civil Procedure 8, 9, and 23 on behalf of themselves and all others similarly situated.  Plaintiffs are teachers who held life insurance policies with long-term care benefit riders.  Defendant American Fidelity Assurance, sold the Plaintiffs new policies through a series of fraudulent statements and omissions.  The new policies were inferior to the old ones in that they provided no long-term care coverage.  American Fidelity did not provide information to the Plaintiffs which would have allowed them to make an informed decision under Alabama law.  As a result of this failure, Plaintiffs have been damaged.

### PARTIES

1.     Plaintiff Stephanie Bowman is an adult resident of Dallas County, Alabama.

2.     Plaintiff Annie Eaton is an adult resident of Dallas County, Alabama.

3.     Plaintiff Crystal Hanna is an adult resident of Montgomery County, Alabama

4.    Plaintiff Sabrina Scott is an adult resident of Dallas County, Alabama.

5.    Plaintiff Arabella Sheehan is an adult resident of Dallas County, Alabama.

6.    Plaintiff Roseanne Wiggins is an adult resident of Dallas County, Alabama.

7.    Defendant American Fidelity Assurance is a foreign corporation domiciled in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

8.    The Court has jurisdiction over this action because the matter in controversy exceeds $10,000.  Ala. Code § 12–11–30.

9.    Venue is proper in this Court because (1) a substantial part of the events or omission giving rise to the claim occurred in Dallas County and (2) the named plaintiffs reside in Dallas County.  Ala. Code § 6–3–7.

## FACTS

10.    The Plaintiffs are educators who previously held a guaranteed life policies offered through Fidelity Life.

11.    The Fidelity Life policies the Plaintiffs held was a guaranteed life policy with a long-term care rider.

12.    The Fidelity Life policies had life base insurance premiums that were guaranteed through age 120.

13.    The long-term care rider provided a benefit of 4% of the face value of the policy for each month of long-term care provided up to 75 months.  For example, if a policy holder held a $100,000 policy, the policy holder would be entitled to $4,000 per month for up to 75 months of care.

DOCUMENT 2

2

14.    The long-term care rider was offered at no additional cost, with no health questions, and guaranteed issue at the time the insured requested long-term coverage.

15.    After the Plaintiffs purchased the Fidelity Life product, FidelityLife would not offer the product with a long-term care rider on a guaranteed issue basis.

16.    On information and belief, no current, substitute insurance policies are available with an identical or similarly favorable

17.    The policy holder's payments were taken out through a payroll deduction.

18.    When the policy holder died, their beneficiary would receive the face value of the policy minus any long term care payments received.

19.    Defendant American Fidelity obtained a list of all educators who had insurance paid for by payroll deductions.

20.    American Fidelity salesmen approached the Plaintiffs and other educators who held the Fidelity Life policies.

21.    American Fidelity offered them a term life policy underwritten by TexasLife Insurance Company.

22.    The TexasLife policies were life insurance policies did not have guaranteed premium for the life of the policy and did not have long-term care rider.

23.    Approximately 495 policy holders were deceived by American Fidelity.

24.    These 495 policy holders cancelled $20 million worth of Fidelity Life Policies worth up to $60 million in long-term care.

25.    American Fidelity did not reveal to the Plaintiffs that purchasing their policy would cause the Plaintiffs to lose long-term care insurance.

DOCUMENT 2

26.     American Fidelity did not reveal to the Plaintiffs that purchasing their policy would cause the Plaintiffs' Fidelity Life policies to be cancelled. In most cases they told them they were replacing the policies but did not indicate on the application that it was a replacement or complete the required replacement paperwork.

27.     When American Fidelity recorded the sales, they cancelled the FidelityLife product.  As a result, the plaintiff class has lost access to long-term care insurance.

28.     American Fidelity did not file the required forms with the state insurance department that would alert the department that the policies were being cancelled to avoid detection of their fraudulent practice.

## CLASS ACTION ALLEGATIONS

29.     The class is so numerous that joinder of all members is impracticable.  Plaintiffs estimate that American Fidelity caused at least 495 educators to cancel policies with the long-term care rider in favor of an inferior policy.

30.     There are questions of law or fact common to the class.  The members of the putative class were all victim of similar fraudulent misrepresentations and omissions.  The Defendants failed to act in conformity with Alabama law in their dealings with the Plaintiffs and the putative class.

31.     The claims of the named Plaintiffs are typical of the claims of the class.

32.     The named Plaintiffs will fairly and adequately protect the interests of the class.

33.     Questions of law and fact common to the members of the class predominate over any questions affecting only individual members.

34.     A class action is superior to other methods for the fair and efficient adjudication of the controversy.

4

35.    A class action will allow the putative class to efficiently pursue their claims against the Defendant so that individual class members have little interest in controlling the prosecution of their own action.

36.    There is no known litigation already commenced by members of the putative class.

37.    Concentrating the claims in this forum is desirable because it (1) is conveniently centralized; (2) is in the county where most of the witnesses work or reside; and (3) will create efficiencies for the putative class by allowing common expenses to be shared.

38.    There are no perceived difficulties in managing this class action.

**CLASS DEFINITION**

39.    All employees of Alabama public school systems to whom American Fidelity sold polices over the last six years.

**CLAIMS**

**I.    FRAUDULENT MISREPRESENTATION**

40.    Plaintiffs incorporate paragraphs 1–28 herein by reference.

41.    "Four elements must be proven in a fraud action: (1) There must be a false representation; (2) the false representation must concern a material existing fact; (3) the plaintiff must rely upon the false representation; and (4) the plaintiff must be damaged as a proximate result." *Cockrell v. Pruitt*, 214 So. 3d 324, 338 (Ala. 2016) (quoting *Voyager Guar. Ins. Co. v. Brown*, 631 So.2d 848, 850 (Ala.1993)).

42.    The Defendant fraudulently represented to the Plaintiffs that the policies they sold were equivalent to the policies Plaintiffs currently held and that their premiums were more stable than the premiums on the FidelityLife products.  These statements were untrue.  The Plaintiffs

5

and others similarly situated relied on the false representation to their detriment and suffered damages as a result.

43.     Wherefore Plaintiffs, on behalf of themselves and the putative class, respectfully request an award of compensatory damages, punitive damages, attorneys' fees, court costs, and any other legal or equitable remedy the Court deems just.

## II.     FRAUDULENT SUPPRESSION

44.     Plaintiffs incorporate paragraphs 1–28 herein by reference.

45.     "The elements of fraudulent suppression are: "(1) [t]he defendant had a duty to disclose an existing material fact; (2) the defendant concealed or suppressed that material fact; (3) the defendant's suppression induced the plaintiff to act or refrain from acting; and (4) the plaintiff suffered actual damage as a proximate result." *Cockrell v. Pruitt*, 214 So. 3d 324, 338 (Ala. 2016) (quoting *Coilplus–Alabama, Inc. v. Vann*, 53 So.3d 898, 909 (Ala.2010)).

46.     The Defendant concealed that purchasing their product would cause the Plaintiffs to lose long-term care coverage by canceling the Fidelity life products.  Defendants had a duty under common law and Alabama's statutes and insurance regulations to disclose this fact.  The Plaintiffs were induced to purchase the Defendants' inferior products as a result of this suppression and were damaged as a result.

47.     Wherefore Plaintiffs, on behalf of themselves and the putative class, respectfully request an award of compensatory damages, punitive damages, attorneys' fees, court costs, and any other legal or equitable remedy the Court deems just.

## III.     BREACH OF CONTRACT

48.     Plaintiffs incorporate paragraphs 1–28 herein by reference.

49.     "The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002).

50.     The Plaintiff and Defendant entered into a binding contract.  Plaintiffs performed under the contract by paying premiums.  Defendant breached the contract by cancelling, without authorization, Plaintiffs' long-term care insurance policies.  Plaintiffs have been damaged as a result.

51.     Wherefore Plaintiffs, on behalf of themselves and the putative class, respectfully request an award of compensatory damages, attorneys' fees, court costs, and any other legal or equitable remedy the Court deems just.

IV.     **NEGLIGENCE**

52.     Plaintiffs incorporate paragraphs 1–28 herein by reference.

53.     "The elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Prill v. Marrone*, 23 So. 3d 1, 6 (Ala. 2009) (quoting *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So.2d 665, 679 (Ala.2001)).

54.     Defendant owed a duty under common law and Alabama's statutes and insurance regulations to honestly compare their product with the product they replaced and inform Plaintiffs that purchasing from them would effectively cancel their long-term care coverage. Defendants failed to do so.  As a result, Plaintiffs were damaged.

55.     Wherefore Plaintiffs, on behalf of themselves and the putative class, respectfully request an award of compensatory damages, punitive damages, attorneys' fees, court costs, and any other legal or equitable remedy the Court deems just.

## V.   NEGLIGENCE PER SE

56.    Plaintiffs incorporate paragraphs 1–28 herein by reference.

57.    Under Alabama law, "four elements are required for violation of a statute to constitute negligence per se: (1) The statute must have been enacted to protect a class of persons, of which the plaintiff is a member; (2) the injury must be of the type contemplated by the statute; (3) the defendant must have violated the statute; and (4) the defendant's statutory violation must have proximately caused the injury." *Parker Bldg. Servs. Co. v. Lightsey ex rel. Lightsey*, 925 So. 2d 927, 931 (Ala. 2005)

58.    Defendant owed a duty under common law and Alabama's statutes and insurance regulations to honestly compare their product with the product they replaced and inform Plaintiffs that purchasing from them would effectively cancel their long-term care coverage. Defendants failed to do so.  As a result, Plaintiffs were damaged.

59.    The statutes and regulations were enacted to protect a class of persons—insurance customers—of which Plaintiffs are members.  The statutes and regulations exist to ensure that insurance consumers are not taken advantage of.  Defendant violated these statutes, causing harm to the Plaintiffs.

60.    Wherefore Plaintiffs, on behalf of themselves and the putative class, respectfully request an award of compensatory damages, punitive damages, attorneys' fees, court costs, and any other legal or equitable remedy the Court deems just.


### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

8

Respectfully Submitted,


/s/ Stephen D. Wadsworth
Attorney for Plaintiffs


CAMPBELL GUIN, LLC
Andrew P. Campbell
Stephen D. Wadsworth
505 North 20th Street, Suite 1600
Birmingham, AL  35203
(205) 224-0750
Andy.campbell@campbellguin.com
Stephen.wadsworth@campbellguin.com


**SERVE DEFENDANTS BY CERTIFIED MAIL:**


American Fidelity Assurance
2221 Victory Lane
Birmingham AL. 35216

DOCUMENT 2

ELECTRONICALLY FILED
2/6/2018 3:50 PM
27-CV-2018-900036.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
CHERYL STRONG RATCLIFF, CLERK

DOCUMENT 3

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STEPHANIE BOWMAN; ANNIE EATON )
CRYSTAL HANNA; SABRINA SCOTT; )
ARABELLA SHEEHAN; ROSEANNE )
WIGGINS; on behalf of themselves and all )
Others similarly situated )
                                        )
                                        )
           Plaintiffs, )
                                        )
v. )      CASE NO:_____
                                        )
AMERICAN FIDELITY ASSURANCE )
           Defendant. )

## PLAINTIFFS FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT AMERICAN FIDELITY ASSURANCE

Plaintiffs respectfully submit their first requests for production and interrogatories to American Fidelity Assurance pursuant to Alabama Rules of Civil Procedure 33 and 34. Responses should be provided in accordance with the Alabama Rules of Civil Procedure. Responses must be reasonably supplemented to the maximum extent authorized by the Alabama Rules of Civil Procedure.

### INSTRUCTIONS

1.     In answering this discovery, furnish all information, however obtained, that is available to you, including information known by, or in possession of, you, your agents and/or your attorneys, or appearing in your records, and identify any information you know to be in the possession of anyone else.

2.      In the event that any document called for by a request, or sub-part thereof, is withheld on the basis of privilege or any similar claim, a list that complies with Alabama Rule of Civil Procedure 26(b)(6) is to be furnished identifying each document so withheld, together with the following information:

      a.      The reason for withholding; and

      b.      A statement of facts constituting the basis for any claim of privilege, work product or other ground of nondisclosure.

Correspondence sent by or received from attorneys which are covered by attorney-client privilege need not be logged unless the email was received by more than three individuals.

3.      If you object to producing documents for any reason, your objection must state whether any responsive materials are being withheld on the basis of the objection.

4.      If you encounter any ambiguity in construing the discovery requested, definitions, or instructions, then set forth the matter deemed ambiguous and respond by indicating the construction chosen and used in responding.

5.      These discovery requests shall be deemed to be continuing until and during the course of trial. Information sought by these discovery requests that you obtain after you serve your responses must be disclosed to Plaintiffs by supplementary responses.

6.      Unless otherwise agreed upon between the parties in the meet & confer process, please produce all documents pursuant to the following specifications:

      a.      Please produce all documents in .tif format using optical character recognition ("OCR") with each document constituting a separate .tif file with .DAT load files and electronic Bates labels;

      b.      The .DAT load files are for the loading of metadata and native files, and should include the following metadata fields:

            i.      DocID

DOCUMENT 3

DOCUMENT 3

   ii.    ParentID

   iii.    FamilyID

   iv.    BegAttach

   v.    EndAttach

   vi.    ITEM_ID

   vii.    Doclink

   viii.    Attachment Count

   ix.    Attachment List

   x.    Application Name

   xi.    DocTitle

   xii.    DocDate

   xiii.    Author

   xiv.    From

   xv.    BCC

   xvi.    CC

   xvii.    Creation Date

   xviii.    Creation Time

   xix.    Modified Date

   xx.    Modified Time

   xxi.    Document Type

   xxii.    EM Relative path

   xxiii.    Entry ID

   xxiv.    File Extension

   xxv.    File Size

   xxvi.    Hash Code

DOCUMENT 3

xxvii.    Message ID

xxviii.   FileName

xxix.     Sent Date

xxx.      Sent Time

xxxi.     Received Date

xxxii.    Received Time

xxxiii.   Subject

xxxiv.    Recipients

xxxv.     Relative Path

xxxvi.    Custodian

xxxvii.   Language

xxxviii.  AttachIDs

xxxix.    ConversationTopic

xl.       Orig Doc Path

xli.      Exception

xlii.     EXPORTED_TEXT_FILE

xliii.    DUPLICATE_LOCATIONS

xliv.     Application Date Last Saved

xlv.      Application Time Last Saved

xlvi.     Application Date Created

xlvii.    Application Time Created

xlviii.   Duplicate Custodians

xlix.     Issue Coding (*i.e.*, a field indicating which issue in the litigation the document or communication pertains to)

l.        Request Responsiveness Coding (*i.e.*, a field indicating which request for production the produced document is responsive to)

4

c. Images should be produced as single-page .tif images in an images directory with the associated Opticon load file;

d. Text files produced in a single-page format should also be produced in the images directory. Text files produced as in a multi-page format should be produced in a separate text directory;

e. Excel spreadsheet and Power Point slides should be produced in native format with all native files named as the first image of the corresponding image file in a separate native directory.

f. All documents should be coded to identify the document request and issue they are responsive to.

## **DEFINITIONS**

1.     Whenever it appears herein, the term "document" is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure and includes, without limitation, any written record or graphic, which are in Your custody and control, or in the possession, custody or control of Your attorneys or of Your officers, directors, agents, servants employees, or elected or appointed officials or of any department, division, agency or other governmental unit. If any document was in Your possession or control, but is no longer in Your possession or subject to its control, state what disposition was made of it, the reason therefore, and the date thereof.

2.     Whenever it appears herein, the term "communication" is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure and includes, without limitation, any letter, voicemail, email, text message, memorandum, or any other method by which information is transmitted. Communications must be produced alongside of any attachments or exhibits referenced in the communication.

3.     "You" or "Your" or shall mean American Fidelity Assurance and any employee, agent, attorney, any other person acting for, or on behalf of, or under Your authority or control, or others who are in possession of or who may have obtained information for or on Your behalf.

DOCUMENT 3

4.      The terms "and" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

5.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

6.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

7.      Unless otherwise noted, defined terms in these Requests should be given the same meaning they have in the Complaint.

## REQUESTS FOR PRODUCTION

1.      Any and all Documents and Correspondence which You have provided to any experts You have retained in this matter.

2.      Any and all reports, curriculum vitae, résumés, or Documents that concern or relate to qualifications, experience, or accomplishments for any expert You retained in connection with this matter.

3.      Any and all Documents that You may use at a deposition, trial, hearing, or in connection with any motion in this matter.

4.      All Documents, Communications, and/or things, including any photographs and/or videos identified or relied upon by You in preparing answers to the interrogatories accompanying these requests.

6

5.      To the extent not otherwise produced, please produce any and all Documents or Communications demonstrating, discussing, analyzing, supporting, contradicting or otherwise concerning or related to any defense or claim you may raise in this case.

6.      Please produce a copy of any insurance agreement which may be used to satisfy all or part of a judgment against You that may be entered in the action or to indemnify You for payments made to satisfy the judgment.

7.      Please produce all documents or communications related to any named plaintiff in this action.

8.      Produce all documents comprising the list of educators who had insurance paid for by payroll deductions in Paragraph 19 of the Complaint.

9.      Produce all documents and communications related to the acquisition of the list of educators who had insurance paid for by payroll deductions in Paragraph 19 of the Complaint.

10.     Produce all documents and communications sent to individuals on the list in Paragraph 19 of the Complaint.

11.     Produce copies of all documents related to completed sales to any employee of an Alabama educational facility whose Fidelity Life policies were cancelled as a result of the sale.

12.     Produce all documents or communications you have provided to Alabama regulators purporting to cancel Fidelity Life policies.

## INTERROGATORIES

1.      Identify each Person having knowledge about the facts and circumstances alleged in the complaint filed in the above-styled case.

2.      Identify each witness You intend to call and the substance of his or her testimony, specifying whether said witness is expected to testify as to facts or as an expert, and identifying

7

the specific documents, communications, events, and allegations about which the witness will testify and any documents You have provided them in preparation of their testimony.

    3.    Identify each person who assisted in the preparation of responses to any interrogatory or request, identifying the interrogatory and request for which assistance was given.

    4.    Identify each person You expect to call as a witness in trial by name, address, telephone number, occupation, and employer.

    5.    Identify each and every exhibit that you intend to introduce into evidence at trial.

    6.    Describe any insurance agreement which may be used to satisfy all or part of a judgment against You that may be entered in the action or to indemnify You for payments made to satisfy the judgment including, without limitation, the name of the carrier, policy number, policy limits, and other relevant identifying information.

    7.    Identify each person you believe may be in possession of responsive documents, communications, ESI, or other discoverable material.

    8.    For each person identified in the interrogatory above, describe in general categories the responsive information in their possession.

    9.    Identify each Alabama educational facility at which you made sales of the product described in the Complaint which cancelled the Fidelity Life product described in the Complaint.

    10.    Identify all salespersons who made sales of the product described in the Complaint which cancelled the Fidelity Life product described in the Complaint.

Respectfully Submitted,

/s/ Stephen D. Wadsworth
Attorney for Plaintiffs

DOCUMENT 3

8

CAMPBELL GUIN, LLC
Andrew P. Campbell
Stephen D. Wadsworth
505 North 20th Street, Suite 1600
Birmingham, AL  35203
(205) 224-0750
Andy.campbell@campbellguin.com
Stephen.wadsworth@campbellguin.com

## **SERVE DEFENDANTS BY CERTIFIED MAIL:**

American Fidelity Assurance
2221 Victory Lane
Birmingham AL. 35216

DOCUMENT 3

9



AlaFile E-Notice

27-CV-2018-900036.00

To:   STEPHEN D. WADSWORTH
      stephen.wadsworth@campbellguin.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STEPHANIE BOWMAN ET AL V. AMERICAN FIDELITY ASSURANCE
27-CV-2018-900036.00

The following complaint was FILED on 2/6/2018 3:50:51 PM

Notice Date:      2/6/2018 3:50:51 PM

CHERYL STRONG RATCLIFF
CIRCUIT COURT CLERK
DALLAS COUNTY, ALABAMA
DALLAS COUNTY COURTHOUSE
P.O. BOX 1148
SELMA, AL, 36702

334-874-2523
cheryl.ratcliff@alacourt.gov



AlaFile E-Notice

27-CV-2018-900036.00

To:  AMERICAN FIDELITY ASSURANCE
     2221 VICTORY LANE
     BIRMINGHAM, AL, 35216

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

STEPHANIE BOWMAN ET AL V. AMERICAN FIDELITY ASSURANCE
27-CV-2018-900036.00

The following complaint was FILED on 2/6/2018 3:50:51 PM

Notice Date:      2/6/2018 3:50:51 PM

CHERYL STRONG RATCLIFF
CIRCUIT COURT CLERK
DALLAS COUNTY, ALABAMA
DALLAS COUNTY COURTHOUSE
P.O. BOX 1148
SELMA, AL, 36702

334-874-2523
cheryl.ratcliff@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>27-CV-2018-900036.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA**
**STEPHANIE BOWMAN ET AL V. AMERICAN FIDELITY ASSURANCE**

**NOTICE TO:** AMERICAN FIDELITY ASSURANCE, 2221 VICTORY LANE, BIRMINGHAM, AL 35216

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), STEPHEN D. WADSWORTH                                                                                         ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 505 20th Street N, 16th Floor, BIRMINGHAM, AL 35203                      .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of STEPHANIE BOWMAN
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 2/6/2018 3:50:51 PM | /s/ CHERYL STRONG RATCLIFF | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ STEPHEN D. WADSWORTH

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*