IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE BOWMAN, ANNIE EATON, CRYSTAL HANNA, SABRINA SCOTT, ARABELLA SHEEHAN, ROSEANNE WIGGINS, on behalf of themselves and all others similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 2:18-00100-KD-MU |
| ) | |
| AMERICAN FIDELITY ASSURANCE COMPANY, ) ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on Plaintiffs' Motion for Leave to File an Amended Class Action Complaint and the Response filed by Defendant American Fidelity General Agency, Inc. (docs. 24, 26). Plaintiffs move the Court for leave to amend their Class Action Complaint to cure certain alleged pleading deficiencies in the Complaint. Previously, Defendant filed a Motion to Dismiss or, Alternatively, Motion for More Definite Statement (doc. 6).

In the proposed Amended Class Action Complaint, Plaintiffs will substitute American Fidelity General Agency, Inc. as the proper Defendant, set out more facts concerning its fraud claims, drop the claim for breach of contract, and eliminate one named plaintiff, namely Annie Eaton, who was differently-situated that the other putatitve class representatives. Defendant does not oppose the motion and has so stated in writing (doc. 26).

Rule 15(a)(2) governs amendments to pleadings at this stage of the litigation. The Rule states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P.

15(a)(2). The district court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citations omitted). However, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" *City of Miami v. Bank of America Corp.,* 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted).

Upon consideration of Defendant's written consent and the factors set forth herein, the Court finds that no substantial reason exists to deny the motion and that the interests of justice would be served by allowing the amendment. Accordingly, the Motion is **GRANTED** and **Plaintiffs shall file their Amended Class Action Complaint on or before July 2, 2018. Defendant shall file its answer or other responsive pleading in accordance with S.D. Ala. Civil Local Rule 15(c),** which sets forth, in relevant part, as follows:

> (c) . . .   If a responsive pleading is required, any party that has appeared in the action and was served with the proposed amended pleading must serve an answer or other responsive pleading within fourteen (14) days after the Court grants the motion to amend. The time for a party that has not appeared in the action to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading.

S.D. Ala. Civ. L.R. 15(c).

In view of the foregoing, the Court finds that Defendant's Motion to Dismiss or, Alternatively, Motion for More Definite Statement (doc. 6) is **MOOT.**

DONE and ORDERED this the 26th day of June 2018.

                                        s/ Kristi K. DuBose
                                        KRISTI K. DuBOSE
                                        CHIEF UNITED STATES DISTRICT JUDGE