# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SELMA DIVISION

| | |
|---|---|
| STEPHANIE BOWMAN; ANNIE EATON; CRYSTAL HANNA; SABRINA SCOTT; ARABELLA SHEEHAN; ROSEANNE WIGGINS; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FIDELITY GENERAL AGENCY, INC.,<br><br>Defendant. | CIVIL NO. 2:18-CV-00100-KD-MU |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs respectfully submit this Amended Class Action Complaint pursuant to Federal Rules of Civil Procedure 8, 9, and 23 on behalf of themselves and all others similarly situated. Plaintiffs are teachers who held life insurance policies with long-term care benefit riders. Defendant American Fidelity General Agency, sold the Plaintiffs new policies through a series of fraudulent statements and omissions. The new policies were inferior to the old ones in that they provided no long-term care coverage. American Fidelity did not provide information to the

1

Plaintiffs which would have allowed them to make an informed decision under Alabama law. As a result of this failure, Plaintiffs have been damaged.

## PARTIES

1. Plaintiff Stephanie Bowman is an adult resident of Dallas County, Alabama.

2. Plaintiff Crystal Hanna is an adult resident of Montgomery County, Alabama

3. Plaintiff Sabrina Scott is an adult resident of Dallas County, Alabama.

4. Plaintiff Arabella Sheehan is an adult resident of Dallas County, Alabama.

5. Plaintiff Roseanne Wiggins is an adult resident of Dallas County, Alabama.

6. Defendant American Fidelity General Agency, Inc., is a foreign corporation domiciled in Oklahoma County, Oklahoma.[1]

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action because the matter in controversy exceeds $10,000. Ala. Code § 12–11–30.

---

[1] The Complaint initially named American Fidelity Assurance as the Defendant. Plaintiffs have since learned that the related entity American Fidelity General Agency, Inc., is the correct party in interest.

8.   Venue is proper in this Court because (1) a substantial part of the events or omission giving rise to the claim occurred in Dallas County and (2) the named plaintiffs reside in Dallas County.  Ala. Code § 6–3–7.

## FACTS

9.   The Plaintiffs are educators who previously held a guaranteed life policies offered through Fidelity Life.

10.  The Fidelity Life policies the Plaintiffs held was a guaranteed life policy with a long-term care rider.

11.  The Fidelity Life policies had life base insurance premiums that were guaranteed through age 120.

12.  The long-term care rider provided a benefit of 4% of the face value of the policy for each month of long-term care provided up to 75 months.  For example, if a policy holder held a $100,000 policy, the policy holder would be entitled to $4,000 per month for up to 75 months of care.

13.  The long-term care rider was offered at no additional cost, with no health questions, and guaranteed issue at the time the insured requested long-term coverage.

14.  The long-term care coverage was important to each of the Plaintiffs.

15.  After the Plaintiffs purchased the Fidelity Life product, FidelityLife would not offer the product with a long-term care rider on a guaranteed issue basis.

16. On information and belief, no current, substitute insurance policies are available with an identical or similarly favorable

17. The policy holder's payments were taken out through a payroll deduction.

18. When the policy holder died, their beneficiary would receive the face value of the policy minus any long term care payments received.

19. Defendant American Fidelity obtained a list of all educators who had insurance paid for by payroll deductions.

20. American Fidelity salesmen approached the Plaintiffs and other educators who held the Fidelity Life policies.

21. American Fidelity offered them a term life policy underwritten by TexasLife Insurance Company.

22. The TexasLife policies were life insurance policies did not have guaranteed premium for the life of the policy and did not have long-term care rider.

23. Approximately 495 policy holders were deceived by American Fidelity.

24. These 495 policy holders cancelled $20 million worth of Fidelity Life Policies worth up to $60 million in long-term care.

25. American Fidelity did not reveal to the Plaintiffs that purchasing their policy would cause the Plaintiffs to lose long-term care insurance.

26. American Fidelity did not reveal to the Plaintiffs that purchasing their policy would cause the Plaintiffs' Fidelity Life policies to be cancelled. In most cases they told them they were replacing the policies but did not indicate on the application that it was a replacement or complete the required replacement paperwork.

27. American Fidelity did not read out loud to the Plaintiffs language required by law which would have informed them about the differences between the policies they were purchasing and the policies being replaced. Had Plaintiffs been informed that the new policy did not have a long-term care rider, they would not have purchased the policies.

28. American Fidelity did not show Plaintiffs the policies they were purchasing at the time of the sale or otherwise allow them to read it. Plaintiffs purchased the policies based on American Fidelity's misleading oral misrepresentations alone. Plaintiffs were asked to sign an electronic signature box on an iPad or other tablet without being shown the policies.

29. When American Fidelity recorded the sales, they cancelled the FidelityLife product. As a result, the plaintiff class has lost access to long-term care insurance.

30. For some of the Plaintiffs, American Fidelity falsely claimed that they were not replacing existing insurance. On information and belief, for these

policies, American Fidelity did not file the required forms with the state insurance department that would alert the department that the policies were being cancelled to avoid detection of their fraudulent practice.

33. American Fidelity sold the Plaintiffs their policies on the following dates:

32. The Plaintiffs bought their policies pursuant to these misrepresentations on or about the following dates: Stephanie Bowman, March 6, 2015; Sabrina Scott March 6, 2015; Roseanne L. Wiggins, February 25, 2015; Crystal Hanna March 2, 2015; and Arabella Sheehan, March 16, 2017.

33. Randy Steele was the agent who sold the policies by means of fraudulent statements to Bowman and Hanna. Rex Bowman was the agent who sold the policies by means of fraudulent statements to Scott. William Austin was the agent who sold the policies by means of fraudulent statements to Wiggins. Curtis Wells was the agent who sold the policies by means of fraudulent statements to Sheehan. These salesmen approached the Plaintiffs at their places of work. The representations made by each agent, described above were consistent and fraudulent.

34. American Fidelity mailed copies of the policies and other information to the Plaintiffs the same month in which they purchased the policies.

35.     These letters contain no language which would allow Plaintiffs to know that their long-term care coverage had been cancelled.

36.     The Plaintiffs did not know that the new policies lacked long-term care before approximately November 2017.  An insurance salesman for an unrelated company informed the Plaintiffs that their current policies lacked a long-term care provision.

## CLASS ACTION ALLEGATIONS

37.     The class is so numerous that joinder of all members is impracticable. Plaintiffs estimate that American Fidelity caused at least 495 educators to cancel policies with the long-term care rider in favor of an inferior policy.

38.     There are questions of law or fact common to the class.  The members of the putative class were all victim of similar fraudulent misrepresentations and omissions.  The Defendants failed to act in conformity with Alabama law in their dealings with the Plaintiffs and the putative class.

39.     The claims of the named Plaintiffs are typical of the claims of the class.

40.     The named Plaintiffs will fairly and adequately protect the interests of the class.

41.     Questions of law and fact common to the members of the class predominate over any questions affecting only individual members.

42. A class action is superior to other methods for the fair and efficient adjudication of the controversy.

43. A class action will allow the putative class to efficiently pursue their claims against the Defendant so that individual class members have little interest in controlling the prosecution of their own action.

44. There is no known litigation already commenced by members of the putative class.

45. Concentrating the claims in this forum is desirable because it (1) is conveniently centralized; (2) is in the county where most of the witnesses work or reside; and (3) will create efficiencies for the putative class by allowing common expenses to be shared.

46. There are no perceived difficulties in managing this class action.

## CLASS DEFINITION

47. All employees of Alabama public school systems to whom American Fidelity sold polices over the last six years.

## CLAIMS

### I. FRAUDULENT MISREPRESENTATION

48. Plaintiffs incorporate paragraphs 1–28 herein by reference.

49. "Four elements must be proven in a fraud action: (1) There must be a false representation; (2) the false representation must concern a material existing

fact; (3) the plaintiff must rely upon the false representation; and (4) the plaintiff must be damaged as a proximate result." *Cockrell v. Pruitt*, 214 So. 3d 324, 338 (Ala. 2016) (quoting *Voyager Guar. Ins. Co. v. Brown*, 631 So.2d 848, 850 (Ala.1993)).

50. The Defendant fraudulently represented to the Plaintiffs that the policies they sold were equivalent to the policies Plaintiffs currently held and that their premiums were more stable than the premiums on the FidelityLife products. These statements were untrue. The Plaintiffs and others similarly situated relied on the false representation to their detriment and suffered damages as a result.

51. Wherefore Plaintiffs, on behalf of themselves and the putative class, respectfully request an award of compensatory damages, punitive damages, attorneys' fees, court costs, and any other legal or equitable remedy the Court deems just.

## II. FRAUDULENT SUPPRESSION

52. Plaintiffs incorporate paragraphs 1–28 herein by reference.

53. "The elements of fraudulent suppression are: "(1) [t]he defendant had a duty to disclose an existing material fact; (2) the defendant concealed or suppressed that material fact; (3) the defendant's suppression induced the plaintiff to act or refrain from acting; and (4) the plaintiff suffered actual damage as a

9

proximate result." *Cockrell v. Pruitt*, 214 So. 3d 324, 338 (Ala. 2016) (quoting *Coilplus–Alabama, Inc. v. Vann*, 53 So.3d 898, 909 (Ala.2010)).

54. The Defendant concealed that purchasing their product would cause the Plaintiffs to lose long-term care coverage by canceling the Fidelity life products. Defendants had a duty under common law and Alabama's statutes and insurance regulations to disclose this fact. The Plaintiffs were induced to purchase the Defendants' inferior products as a result of this suppression and were damaged as a result.

55. Wherefore Plaintiffs, on behalf of themselves and the putative class, respectfully request an award of compensatory damages, punitive damages, attorneys' fees, court costs, and any other legal or equitable remedy the Court deems just.

### III. NEGLIGENCE

56. Plaintiffs incorporate paragraphs 1–28 herein by reference.

57. "The elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Prill v. Marrone*, 23 So. 3d 1, 6 (Ala. 2009) (quoting *Armstrong Bus. Servs., Inc. v. AmSouth Bank,* 817 So.2d 665, 679 (Ala.2001)).

58. Defendant owed a duty under common law and Alabama's statutes and insurance regulations to honestly compare their product with the product they replaced and inform Plaintiffs that purchasing from them would effectively cancel

their long-term care coverage. Defendants failed to do so. As a result, Plaintiffs were damaged.

59. Wherefore Plaintiffs, on behalf of themselves and the putative class, respectfully request an award of compensatory damages, punitive damages, attorneys' fees, court costs, and any other legal or equitable remedy the Court deems just.

### IV. **NEGLIGENCE PER SE**

60. Plaintiffs incorporate paragraphs 1–28 herein by reference.

61. Under Alabama law, "four elements are required for violation of a statute to constitute negligence per se: (1) The statute must have been enacted to protect a class of persons, of which the plaintiff is a member; (2) the injury must be of the type contemplated by the statute; (3) the defendant must have violated the statute; and (4) the defendant's statutory violation must have proximately caused the injury." *Parker Bldg. Servs. Co. v. Lightsey ex rel. Lightsey*, 925 So. 2d 927, 931 (Ala. 2005)

62. Defendant owed a duty under common law and Alabama's statutes and insurance regulations to honestly compare their product with the product they replaced and inform Plaintiffs that purchasing from them would effectively cancel their long-term care coverage. Defendants failed to do so. As a result, Plaintiffs were damaged.

63. The statutes and regulations were enacted to protect a class of persons—insurance customers—of which Plaintiffs are members. The statutes and regulations exist to ensure that insurance consumers are not taken advantage of. Defendant violated these statutes, causing harm to the Plaintiffs.

64. Wherefore Plaintiffs, on behalf of themselves and the putative class, respectfully request an award of compensatory damages, punitive damages, attorneys' fees, court costs, and any other legal or equitable remedy the Court deems just.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ Stephen D. Wadsworth
Attorney for Plaintiffs

CAMPBELL GUIN, LLC
Andrew P. Campbell
Stephen D. Wadsworth
505 North 20th Street, Suite 1600
Birmingham, AL  35203
(205) 224-0750
Andy.campbell@campbellguin.com
Stephen.wadsworth@campbellguin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 6th day of June 2018, a copy of the above and foregoing has been served electronically, which will send notification of such to all counsel of record.

s/ *Stephen D. Wadsworth*
Stephen D. Wadsworth (ASB-9808-E47W)
